UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERCEDES AMELINES | **COMPLAINT** |
| Plaintiff, | |
| v. | **Civil Action No.:** |
| UNITED STATES OF AMERICA | |
| Defendants. | |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mercedes Amelines hereinafter sometimes referred to as "Plaintiff," and files Plaintiff's **Complaint** complaining of the United States of America, hereinafter sometimes referred to as "Defendant," and would respectfully show the Court the following:

**1.1** This is an action arising our of bodily injuries sustained by the Plaintiff caused by a United States Postal Service Vehicle.

**1.2** Plaintiff Mercedes Amelines resides in Queens, New York, within the jurisdiction of this court.

**1.3** The Defendant is the United States of America

**1.4** This Federal District Court has jurisdiction of this action, because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act", and 39 U.S.C. § 409(c)

which vests exclusive subject jurisdiction of Federal Tort Claims litigation in the Federal District Court.

**1.5**   The United States of America may be served with process in accordance with Rule 4(I) of the Federal Rules of Civil Procedure by serving a copy of the Summons and of the Complaint on the United States District Attorney for the Eastern District of New York, by certified mail, return receipt requested at his office, United States Attorney, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, NY 11201 to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Amended Complaint on the United States Attorney General, by certified mail, return receipt requested, at the Attorney General's Office, U.S. Department of Justice, 950 Constitution Avenue, NW, Washington DC, 20530-0001, to the attention of the Civil Process Clerk.

**1.6**   Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the Plaintiff resides in this district and no real property is involved in this action.

II.

## LIABILITY OF THE UNITES STATES OF AMERICA

**2.1**   This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act", and 39 U.S.C. § 101 et seq., commonly referred to as the "Postal Reorganization Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 and 39 U.S.C. § 409 because the personal injuries and resulting damages of which complaint is made,

were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America working for the United States Postal Service (hereinafter sometimes referred to as "USPS") in New York, New York, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

III

### JURISDITIONAL PREREQUISITES

**3.1** Plaintiff pleads pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency; the United States Postal Service on March 31, 2021. Over six months have passed since the claims were filed and a final denial has not yet been received by plaintiff. Accordingly, plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

IV.

### THE UNITED STATES POSTAL SERVICE IS AN AGENCY OF THE UNITED STATES OF AMERICA

**4.1** The Unites States Postal Service is an agency of the United States of America. The United States Postal Service is an "independent establishment of the executive branch of the Government of the Unites States." 39 U.S.C § 201. The United State of America, Defendant, herein through its agency, the United States Postal Offices in New York, New York, and staffed said facilities and vehicles with its agents, servants, and/or employees.

3

## V.

## EMPLOYMENT AND COURSE OF SCOPE

**5.1** At all times material hereto, all persons involved in supervising and operating the United States Postal Service vehicle in question were agents, servants, and/or employees of the Unites States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

## VI.

## FACTS

**6.1** This is a Federal Tort Claims Action for monetary damages sustained by the Plaintiff Mercedes Amelines resulting from personal injuries sustained as a result of the negligent operation of a USPS vehicle.

**6.2** This claim arises from a pedestrian and vehicle collision on or about February 10, 2020, in New York, NY at approximately 3:45 PM, which occurred at or near the intersection of East 85th Street and 2nd Avenue, wherein an employee of the USPS, while working within the course and scope of his employment with the USPS, and operating a USPS vehicle, negligently caused an accident that resulted in personal injuries and damages to Plaintiff Mercedes Amelines.

**6.3** The USPS employee's failure to exercise reasonable and ordinary care in operating a USPS vehicle on or about February 10, 2020 caused a collision between a USPS vehicle and Mercedes Amelines, a pedestrian lawfully crossing the street when the collision occurred.

**6.4** The USPS employee operating the USPS vehicle failed to exercise reasonable and ordinary care when he failed to keep a proper and safe lookout, failed to maintain a proper safe speed, failed to maintain proper control of his vehicle and failed to yield the right of way to a pedestrian, thereby causing a collision and serious and permanent injuries to Plaintiff Mercedes Amelines.

## VII.

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

**7.1** Defendant, the United States of America, was negligent in one or more of the following respects:

1. Failing to maintain proper and safe control of the vehicle;
2. Failing to timely and safely apply the brakes in order to avoid the collision;
3. Failing to operate the vehicle at a safe and proper speed;
4. Failing to take proper and evasive action; and
5. Failing to yield the right of way to a pedestrian lawfully crossing the street in a crosswalk.

**7.2** At all times mentioned herein, the employees, agents, and/or representatives of the United States Government were negligent and causative of the injuries and damages sustained by Plaintiff Mercedes Amelines.

## VIII.

## DAMAGES

**8.1** As a result of Defendant's negligence, Plaintiff Mercedes Amelines. suffered, and continues to suffer, severe and "serious injuries", within the meaning of the Insurance Law of the State of New York, including but not limited to, a traumatic brain injury; tears to the right shoulder requiring surgery; herniations of the cervical and lumbar spine; past and future physical pain and suffering; past and future mental pain; anguish and suffering; past and future medical, health care, and attendant care expenses; permanent physical disfigurement; past and future permanent impairment; loss of enjoyment of life; pecuniary losses; out of pocket expenses; and loss of earning capacity; and losses in excess of the Basic Economic Loss as defined by the New York State Insurance Law. Such injuries are permanent in nature. Plaintiff Mercedes Amelines brings this suit to recover all damages cognizable under law, both state and federal, resulting form the injuries to him as a result of the occurrence in question.

## IX.

## MEANING OF "DEFENDANT"

**9.1** In this Complaint, whenever the term "Defendant" is used, it means Defendant, Defendant's officers, agents, servants, employees and/or representatives. Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with full authorization and ratification of Defendant and was done in the

normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant omitted any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives omitted such act or thing.

## X.

## **PRAYER**

**WHEREFORE,** plaintiff, Mercedes Amelines, requests that judgment be entered in her favor against the defendant, The United States of America, and that she be awarded general and special damages in an amount to be proven at trial, with interest on such damages awarded according to law, the cost of this action, together with such other and further relief as the Court deems just and proper.

DATED: New York, New York
October 8, 2021

                          Yours, etc.,

                          **THE BARNES FIRM PC**

By: _____
     Mark Hudoba, Esq.
     Attorneys for Plaintiff
     420 Lexington Avenue, Suite 2140
     New York, New York 10170
     Telephone : (800) 800-0000
     Telefax : (800) 853-5153
     E-mail : mark.hudoba@thebarnesfirm.com